68         NEBRASKA REPORTS.         [VOL. 94

Deppe v. Colfax County.    Wahlquist v. Adams County.

JOSEPH DEPPE, APPELLEE, V. COLFAX COUNTY, APPELLANT.

FILED DECEMBER 4, 1913. No. 17,632.

---

RAINARD B. WAHLQUIST ET AL., APPELLEES, V. ADAMS COUNTY; U. S. ROHRER, APPELLANT.

FILED DECEMBER 4, 1913. No. 17,417.

Elections: PRINTING OF BALLOTS: LIABILITY OF COUNTY. It is the duty of a county to furnish ballots to be used at general elections. The county clerk is the duly authorized agent of the county to procure and furnish such ballots. Where by a mistake of the clerk the ballots first printed, which had been paid for by the county, were rendered useless, this fact did not relieve the county from the duty of procuring and furnishing at public expense new ballots for the use of the voters.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*M. A. Hartigan* and *John Snider* for appellant.

*H. F. Favinger* and *J. W. James, contra.*

LETTON, J.

In 1910 the county clerk of Adams county ordered from the plaintiffs, who are engaged in the newspaper and job printing business in Hastings, 10,000 official and 10,000 sample ballots to be used at the general election in November following. The ballots were printed and furnished, a claim was filed, a warrant issued by the county for $165, and the amount paid. The county clerk made an error in the preparation of these ballots. On discovering this he made the necessary correction, and ordered the plaintiffs to print as corrected 10,000 official and 10,000 sample ballots. These were printed and furnished to the county. Plaintiffs filed a claim for $100 for this work, which was allowed by the county board. The appellant Rohrer as a citizen and taxpayer appealed to the district court, where a trial was had and judgment rendered in favor of plaintiffs for $90. Mr. Rohrer appeals to this court. No bill of exceptions was preserved.

The appellant demurred to the petition and objected to the introduction of evidence at the trial on the ground that the petition did not state facts sufficient to constitute a cause of action. His brief is confined to a discussion of this point. He bases his contention upon the provisions of sections 5807, 5820, Ann. St. 1911. Section 5807 provides, so far as applicable, as follows: "That all ballots cast in election for public officers within this state shall be printed and distributed at public expense, as hereinafter provided. The printing of ballots and cards of instruction for the electors in each county, and the delivery of the same to the election officers, as hereinafter provided, shall be a county charge, the payment of which shall be provided for in the same manner as the payment of other county expenses." Section 5820 provides, in substance,

that the county clerk shall provide 75 ballots of each kind for every 50, or fraction of 50, voters registering or voting at the last general election in each election precinct or district; and further provides: "When a precinct or district shall be divided or the boundaries changed, the clerk must ascertain, as nearly as possible, the number of voters in the new district or districts, and provide therefor a sufficient number of ballots in the above proportion." By this section it will be seen that the number of ballots to be printed is not a fixed and certain quantity. It is a result of computation, and is subject in some degree to the discretion of the clerk. Section 5821, Ann. St. 1911, makes it the duty of the clerk, upon his own motion, to correct without delay any patent error which he may discover in the ballots or which may be brought to his attention, and provides a summary method of coercion if he fail so to do. Following section 22, art. I of the constitution, so jealous is the law of the rights of the voter that, if the clerk neglected to correct and furnish the electors with ballots as required, he is liable, under section 5833, Ann. St. 1911, to forfeit his office and to be fined and imprisoned.

The appellant's argument is that the statute makes no provision for reprinting the ballots, nor for payment for the same; that if, after the number of ballots for which the law provides have been printed and furnished, a mistake is discovered, then it is the duty of the clerk, and not of the county, to pay for the printing of correct ballots; that the clerk had no power to contract so as to make the county liable for the printing of more than the number of ballots fixed by the statute, which became a part of the contract, and that plaintiff could not recover for more than such number. The petition counts upon a contract made by the county clerk, who under the statute is the only authorized agent of the county to procure the printing of the ballots. The petition does not allege that the 20,000 ballots first ordered were all that were printed or required for the November election, and there is no allegation of the number which the clerk was authorized to procure.

The statute requires a computation to be made by the clerk as to the number of ballots necessary for each precinct or district, and, where divided, he must use his own judgment as to the number required. He alone is vested with the power to determine the number of ballots necessary. This being so, the presumption is that he kept within the terms of his authority.

Moreover, the county is bound to have legal ballots printed so that a legal election as to each officer may be held. If the clerk through mistake has caused ballots to be printed which, if used, would invalidate the election in whole or in part, this would not relieve the county, upon ascertaining that such an error had been made, from the duty of procuring other and legal ballots. The fact that it had already paid for the erroneous ballots could not operate to relieve it from the duty of furnishing the voters with proper and legal ballots to be used at the election. It might lead to serious consequences if the court should hold that the refusal of a clerk to furnish new ballots at his own expense could operate to invalidate an election and thus disfranchise the citizens of a county. The county is the principal in the transaction; the clerk is merely its agent, and, regardless of what the relations of the county may be to its agent with respect to the matter, the printer was entitled to his just compensation from the county.

The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.